UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNETTE J. ROSE,

            Plaintiff,                 Case No. 2:17-cv-12747
                                                District Judge Stephen J. Murphy, III
v.                                     Magistrate Judge Anthony P. Patti

COMMISSIONER OF SOCIAL
SECURITY,

            Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (DE 9), DENY DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (DE 12) AND REMAND THE
MATTER TO THE COMMISSIONER**

**I.      RECOMMENDATION**: For the reasons that follow, it is

**RECOMMENDED** that the Court **GRANT** Plaintiff's motion for summary

judgment (DE 9), **DENY** Defendant's motion for summary judgment (DE 12),

**REVERSE** the Commissioner's decision, and **REMAND** this case to the

Commissioner and the ALJ under Sentence Four of § 405(g) for further

consideration consistent with the report below.

**II.    REPORT**

       Plaintiff, Annette J. Rose, brings this action under 42 U.S.C. § 405(g) for

review of a final decision of the Commissioner of Social Security

("Commissioner") denying her application for social security disability insurance

(DI) benefits. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's motion for summary judgment (DE 9), the Commissioner's cross-motion for summary judgment (DE 12), Plaintiff's reply brief (DE 13), and the administrative record (DE 7).

### A.    Background

Plaintiff filed her application for DI benefits on March 19, 2014, alleging that she has been disabled since September 1, 2013.  (R. at 152-58.)  Plaintiff's application was denied on May 14, 2014, and she sought a *de novo* hearing before an Administrative Law Judge ("ALJ").  (R. at 77-86, 91.) ALJ Matthew Johnson held a video hearing on March 3, 2016, at which Plaintiff was represented by counsel.  (R. at 30-76.) The ALJ considered the evidence and, on April 18, 2016, determined that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 8-21.) On June 28, 2017, the Appeals Council denied Plaintiff's request for review.  (R. at 1-5.) Thus, ALJ Johnson's April 18, 2016 decision became the Commissioner's final decision.

Plaintiff then timely commenced the instant action on August 22, 2017.

### B.    Plaintiff's Medical History

The administrative record contains approximately 961 pages of medical records (Exhibits 1F through 10F) spanning the period from September 24, 2012 through February 4, 2016, all of which were available to the ALJ at the time of his

April 18, 2016 decision.  The medical records include treatment notes, Veterans

Administration (VA) hospital records, and a mental impairment questionnaire

completed by Plaintiff's treating physician, Kirk Swabash, D.O. (R. at 285-1246).

The administrative record also contains a State agency reviewing medical source

opinion by psychological consultant, Barbara Jones Smith, Ph.D., dated May 14,

2014 (R. at 81-84), and a Veteran's Administration (VA) rating of unemployability

dated August 10, 2015.  (R. at 26-29, 169-72.)  These records will be discussed in

detail, as necessary, below.

### C.    The Hearing and Administrative Decision

Plaintiff, who was represented by counsel, and vocational expert Ronald

Malik testified at the March 3, 2016 hearing before ALJ Johnson. On April 18,

2016, the ALJ issued an "unfavorable" decision.  Pursuant to 20 C.F.R. §§

404.1520(a)(4), 416.920(a)(4), at **Step 1** of the sequential evaluation process, the

ALJ found that Plaintiff last met the insured status requirements of the Social

Security Act on December 31, 2013, and that she did not engage in substantial

gainful activity since September 1, 2013, the alleged onset date.  (R. at 13.)  At

**Step 2**, the ALJ found that, through the date last insured, Plaintiff had the

following severe impairments:  depression; post-traumatic stress disorder; and

chondrocalcinosis and osteoarthritis of the right knee, but that Plaintiff's diagnosis

of restless leg syndrome did not cause more than minimal limitation in her ability

to perform basic work activities, and therefore was nonsevere.  (R. at 13-14.)  At

**Step 3**, the ALJ found that, through the date last insured, Plaintiff did not have an

impairment or combination of impairments that met or medically equaled the

severity of one of the listed impairments.  (R. at 14-15.)  Prior to **Step 4** of the

sequential process, the ALJ determined that Plaintiff has the residual functional

capacity ("RFC")[1] to:

> perform light work … except never climb ladders, ropes or scaffolds;
> occasionally climb ramps and stairs; occasionally kneel, crouch and
> crawl; occasionally be exposed to unprotected heights and moving
> mechanical parts; occasionally operate a motor vehicle; can
> understand, remember, carry out and perform simple, routine and
> repetitive tasks, involving only simple, work-related decisions with
> the ability to adapt only to routine workplace changes; frequently
> interact and respond appropriately to supervisors, but only
> occasionally with co-workers and the general public.

(R. at 15-19.) At **Step 4**, the ALJ found that Plaintiff was capable of performing

her past relevant work as a housekeeper, as that job is generally performed.  (R. at

19-20.)  The ALJ proceeded to make an alternative finding at **Step 5** that,

considering Plaintiff's age, education, work experience, and RFC, there were jobs

that existed in significant numbers in the national economy that Plaintiff could

perform.  (R. at 20-21.)  The ALJ therefore concluded that Plaintiff had not been

under a disability, as defined in the Social Security Act, from September 1, 2013,

---

[1] The claimant's "residual functional capacity" is an assessment of the most the
claimant can do in a work setting despite his or her physical or mental limitations.
20 C.F.R. §§ 404.1545(a), 416.945(a); *Howard v. Comm'r of Soc. Sec*., 276 F.3d
235, 239 (6th Cir. 2002).

4

the alleged onset date, through December 31, 2013, the date last insured.  (R. at 21.)

### D.     Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. at 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. at 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "Substantial evidence supports a decision if 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion' backs it up." *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir. 2017) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*,

resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant."); *Richardson*, 402 U.S. at 399 ("We therefore are presented with the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict.").  Furthermore, the claimant "has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability." *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).  Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *see also Biestek*, 880 F.3d at 783 ("[A] decision supported by

substantial evidence must stand, even if we might decide the question differently based on the same evidence.") (citing *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### E.   Analysis

In her motion for summary judgment, Plaintiff asserts essentially four claims of error: (1) the ALJ failed to consider the VA disability award and letter of unemployability; (2) the ALJ failed to consider the third-party function report opinion completed by Plaintiff's son; (3) the ALJ failed to properly consider his treating physician's opinion; and (4) the ALJ's credibility analysis and finding that she was capable of performing light work are not supported by substantial evidence. (DE 9 at 12-23.) The Commissioner opposes Plaintiff's motion, asserting that: (1) the ALJ's failure to consider the VA letter was harmless; (2) any error concerning the ALJ's failure to address third-party function report is harmless; (3) the ALJ properly considered the treating physician's opinion; and (4) the ALJ properly considered Plaintiff's symptom severity. (DE 12 at 10-18.)

### 1.    The ALJ failed to consider the VA disability letter, as required by SSR 06-03p

Plaintiff argues that remand is necessary because the ALJ failed to address, consider or discuss the VA's 50% service connected disability award for PTSD and the VA's August 10, 2015 letter in which the VA stated that it "does not appear feasible for you to obtain suitable employment through your Vocational Rehabilitation services at this point in time because of the severity of your disability." (DE 9 at 14-15, citing R. at 169-72; R. at 298.)  The Commissioner acknowledges that "[t]he ALJ did not mention this letter[,]" but contends that this error is harmless because Plaintiff has not shown that this opinion letter would have changed the case's outcome.  (DE 12 at 12-14.)

### a.    Consideration of VA disability determinations

It is well established in the Sixth Circuit that an ALJ is not bound to accept a disability determination made by the VA.  *See Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 510 (6th Cir. 2013) (stating the VA's disability rating is entitled to consideration, but the ALJ is not required to give it any specific weight); *Mason v. Comm'r of Soc. Sec.*, No. 15-14300, 2017 WL 1018148, at *2 (E.D. Mich. Mar. 16, 2017) (holding that the ALJ properly considered the VA records and the disability rating, referencing both in his decision, yet stating that he is not bound by the VA's determination).  As the Social Security regulations make clear:

> A decision by … any other governmental agency … about whether you are disabled … is based on its rules and is not our decision about whether you are disabled….   We must make a disability … determination based on social security law.  Therefore a determination made by another agency that you are disabled … is not binding on us.

20 C.F.R. § 404.1504;[2] *see also* SSR 06-03p, 2006 WL 2329939, at *6 (S.S.A. Aug. 9, 2006).  However, although SSR 06-03p acknowledges that such decisions are not binding, it clearly states that "evidence of a disability decision by another governmental or nongovernmental agency *cannot be ignored and must be considered*."  SSR 06-03p, 2006 WL 2329939, at *6 (emphases added); *see also Ritchie*, 540 F. App'x at 510 ("[A] disability rating from the Veterans Administration is entitled to *consideration*.") (emphasis added).  SSR 06-03p further explains that "[t]hese decisions, and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s) and show the degree of disability determined by these agencies based on their rules."  SSR 06-03p, 2006 WL 2329939, at *7.  The Sixth Circuit has not "specified the weight such a determination should carry when determining social security disability eligibility."  *Ritchie*, 540 F. App'x at 510; *see also*

_____

[2] This rule has been amended, effective for claims filed on or after March 27, 2017, to provide that the SSA "will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether [a claimant] is disabled, blind, employable, or entitled to any benefits."  *See* 20 C.F.R. §§ 404.1504, 416.904.  Further SSR 06-03p, which addresses consideration of decisions on disability by other governmental and nongovernmental agencies, has been rescinded for claims filed on or after March 27, 2017, because the SSR "is inconsistent with the final rules."

*LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 387 (6th Cir. 2013) ("This court has not set forth a specific standard regarding the weight the Commissioner should afford a 100% disability determination by the VA."). Instead, a service-connected disability determination by the VA is considered "one piece of evidence" that is not determinative of the outcome of a claim for social security disability benefits. *Deloge v. Comm'r of Soc. Sec.*, 540 F. App'x 517, 518-19 (6th Cir. 2013).

### b. The ALJ's failure to consider the VA's disability letter

Turning to the instant matter, the record contains an August 15, 2015 letter from the VA stating that it "does not appear feasible for you to obtain suitable employment through your Vocational Rehabilitation services at this point in time because of the severity of your disability." (R. at 26-29, 169-72.) That letter continues:

**What evidence did we use to make our decision?**

In reaching my decision, I considered the following evidence: Review of VA notes and information shared by you.

You have ongoing mobility issues stemming from your knee replacement this spring. You continue to walk with a cane, have limited range of motion. You are unable to stand for any period of time, cannot keep your leg in one position for an extended period, and cannot walk any distance without significant increase in pain and discomfort. You are unable to climb steps and struggle with uneven surfaces.

You continue to experience ongoing issues from your PTSD/MST.[3]  As a result you are unable to be around groups of people.  You struggle with anxiety and decision making and you have difficulty effectively managing relationships.

You have a CSC conviction that resulted in prison time and loss of your MSW license.  As a result you are unable to return to your previous profession.  Additionally you are severely restricted in other career/employment options with this on your record—most of which are labor intensive, trade related.

You last worked in 2013 at which time your knee had worsened to the point that you could no longer function in your job. You have not been able to secure employment since that time.

With the CSC and physical limitations imposed by your knee, we are unable to find you feasible for employment based on the guidelines of ch31 VRE Services. You are unable to work in labor intensive or trade related fields, or in retail due to your physical restrictions. You are unable to attend school for retraining due to your ongoing issues with MST/PTSD and do not qualify for other types of sedentary employment due to lack of training and/or your CSC conviction.

(R. at 27, 170.)  As the Commissioner concedes, the ALJ "did not mention this letter" at all in his decision.  (DE 12 at 13.)  As a result, the ALJ did not explain whether he accorded this determination any weight, and if not, why not.  In fact, the ALJ failed to acknowledge in his decision that Plaintiff was a veteran or had been awarded a 50% service connected disability award.  Accordingly, it is undisputed that the ALJ failed to properly consider the August 15, 2015 VA letter, as required by SSR 06-03p.

---

[3] "MST" is an acronym for Military Sexual Trauma. (See R. at 927.)

11

This is not a minor oversight. As explained above, the law is settled in the Sixth Circuit that the ALJ was required to expressly acknowledge and consider the VA opinion letter in his decision, even if it is not binding on the Commissioner. *See Ritchie*, 540 F. App'x at 510 ("We have held that a disability rating from the [VA] is entitled to consideration[.]"); SSR 06-03p, 2006 WL 2329939, at *6 ("[T]he adjudicator generally should explain the weight given to opinions from … 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning.").  As the court explained in *LaRiccia*, "[T]he Commissioner may nonetheless find an agency's determination relevant, depending on the similarities between the rules and standards each agency applies to assess disability. *** Regardless of the weight afforded, an ALJ 'should explain the consideration given to these decisions in the notice of decision.'" 549 F. App'x at 388 (quoting SSR 06-03p).  When an ALJ fails to mention relevant evidence in his decision, "the reviewing court cannot tell if significant probative evidence was *not credited* or *simply ignored*."  *Morris v. Sec'y of Health & Human Servs.*, No. 86-5875, 1988 WL 34109, at *2 (6th Cir. Apr. 18, 1988) (emphases added) (citation omitted).  As the Sixth Circuit has explained, "[i]t is more than merely 'helpful' for the ALJ to articulate reasons … for crediting or rejecting particular sources of evidence.  It is absolutely essential for meaningful appellate review." *Hurst v.*

12

*Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985) (quoting *Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir. 1984)).

In the instant appeal, the Commissioner fails to discuss SSR 06-03p, or the requirement that the ALJ must "consider" the VA disability evidence, but simply contends that the ALJ is not bound by another agency's decision, citing 20 C.F.R. 404.1504, and that "for remand, Plaintiff must show harm from this error." (DE 12 at 13.) Instead, the Commissioner now offers several reasons in his motion for summary judgment as to why the ALJ's failure to consider the VA determination could be considered "harmless," including that the determination: (1) was not from a physician or psychologist and was due no special deference; (2) offered no supporting evidence and no specific limitations, reducing its probative value; and (3) does not address the relevant time period ending December 31, 2013. (DE 12 at 13-14, citing *Vanderpool v. Comm'r of Soc. Sec.*, No. 12-13727, 2013 WL 5450276 (E.D. Mich. Sept. 30, 2013).) However, the Commissioner's *post hoc* rationalizations for the ALJ's failure to consider the VA determination are not an acceptable substitute for the ALJ's lack of rationale concerning treatment of the VA evidence. *See Schroeder v. Comm'r of Soc. Sec.*, No. 11-14778, 2013 WL 1316748, at *13 (E.D. Mich. Mar. 1, 2013) (the Commissioner's "post hoc rationalization" is not an acceptable substitute for the ALJ's failure to adequately evaluate the medical evidence); *Weeks v. Comm'r of Soc. Sec.*, No. 1:16-cv-121,

13

2016 WL 6067957, at *4 (W.D. Mich. Oct. 17, 2016) ("An ALJ 'must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning.' The Court cannot do so here. The Commissioner's attempt to rehabilitate the ALJ's reasoning on this point is precisely the type of analysis the ALJ should have undertaken in the first place.") (internal citation omitted and quoting *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995)).

In any event, contrary to the Commissioner's assertions: (1) the VA determination, while not necessarily entitled to "special deference," was entitled to "consideration" pursuant to SSR 06-03p, and it is undisputed that the ALJ failed to give the VA opinion that consideration; (2) the letter did reference that it was based on a "[r]eview of VA notes and information shared by [Plaintiff]" and offered specific limitations and reasons for those limitations (R. at 27, 170); and (3) the VA did address at least some evidence from the relevant time period in its determination, stating that Plaintiff "continue[s] to experience ongoing issues from [her] PTSD/MST" and that Plaintiff "last worked in 2013 at which time [her] knee had worsened to the point that [she] could no longer function in [her] job" and that she has "not been able to secure employment since that time." (*Id.*)

Further, this VA determination is distinguishable from the "other source" opinion at issue in *Vanderpool*, upon which the Commissioner relies.  (See DE 12 at 14.)  In *Vanderpool*, the ALJ only made two indirect references to the plaintiff's

14

worker's compensation redemption order in his determination, and the court found that the ALJ's failure to sufficiently "consider" this evidence was harmless because the redemption order "is basically a fill-in-the-blank worksheet summarizing the dates of injury, amounts of disability benefits, and parties to whom payment is allocated," and thus the Court determined that the order "would have been useless for social security consideration, even if the ALJ had expressly considered its 'findings' in his decision."  *Id.* at *1. The VA determination at issue here is not such a cursory, "fill-in-the-blank" document, but instead addressed in several prosaic paragraphs the same impairments at issue before the ALJ and offered reasons for the disability decision.  Moreover, the VA treatment and hospital records predating the August 10, 2015 determination, which the VA determination appears to have considered in making its decision (R. at 27 (indicating that it considered "[r]eview of VA notes and information shared by you")), were also available to the ALJ here, but it is unclear whether the ALJ reviewed these specific records post-dating the date last insured.  (See R. at 285-393, 395-408, 544-1157.) Thus, the VA determination should have been "considered" and this error was not "harmless." *See Sallah v. Comm'r of Soc. Sec.*, No. 16-14098, 2018 WL 1322064, at *9 (E.D. Mich. Feb. 23, 2018) (Davis, M.J.) (holding failure to consider state agency decision was not harmless error because the decision "is neither conclusory nor unsupported by medical opinions and medical evidence"), *report and*

*recommendation adopted*, 2018 WL 1316164 (E.D. Mich. Mar. 14, 2018)

(Murphy, J); *Comeau v. Comm'r of Soc. Sec.*, No. 15-10650, 2016 WL 1253315, at

*9 (E.D. Mich. Mar. 30, 2016) (ALJ's failure to consider VA determination not

harmless because "[t]here is no indication that the VA's disability determination …

is unusually terse or lacking in support when compared to other VA disability

determinations" and "[t]he Commissioner has not pointed to any distinguishing

characteristics that would justify treating the ALJ's error in this case differently

than the numerous decisions that have found remand appropriate.").

In sum, while "there may be good reasons for disregarding the [VA]

determination, … the Court on review is left to speculate on the ALJ's rationale in

the absence" of any mention of the finding.  *King v. Comm'r of Soc. Sec.*, 779

F.Supp.2d 721, 726 (E.D. Mich. 2011) (remanding case due to the ALJ's failure to

articulate reasons for rejecting the VA's disability determination).  The ALJ simply

fails to provide that accurate and logical bridge and does not allow for meaningful

review by this Court.  *See Pollaccia v. Comm'r of Soc. Sec.*, No. 09-cv-14438,

2011 WL 281044, at *6 (E.D. Mich. Jan. 6, 2011) (holding that this Court "may

not uphold an ALJ's decision, even if there is enough evidence in the record to

support it, if the decision fails to provide an accurate and logical bridge between

the evidence and the result"). Although the ALJ stated that he carefully considered

the "entire record," he failed to address the "evidence of a disability decision by

16

another governmental … agency" which, pursuant to SSR 06-03p, "must be considered."   Thus, the ALJ failed to adequately "consider" this opinion, as required by SSR 06-03p, resulting in an error requiring remand.  *See Sallah*, 2018 WL 1322064, at *9 (concluding that "the ALJ failed to adequately discuss and analyze the state agency decision as required by SSR 06-03p, thus resulting in an error requiring remand"); *see also Lowery v. Comm'r of Soc. Sec.*, 886 F.Supp.2d 700, 717 (S.D. Ohio 2012) (remanding for failure to consider VA's decision to grant disability benefits when the ALJ only stated "He is currently receiving Veteran's Administration disability benefits" in the "Summary of Plaintiff's Testimony" section and did not discuss the VA findings further).

## 2. Upon remand, the ALJ should also consider Christopher Stewart's Third-Party Function Report and reconsider Dr. Swabash's opinion evidence

Plaintiff also argues that remand is required because the ALJ failed to mention or give any weight to the third-party function report prepared by her son, Christopher Stewart. (DE 9 at 13-14.)  The Commissioner acknowledges that the ALJ "*should have discussed* Mr. Stewart's written testimony *but did not*," but claims the error is harmless because "the ALJ assessed limitations partly consistent with Mr. Stewart's testimony, and in some aspects less severe and in some aspects more so."  (DE 12 at 10-12 (emphases added).)  However, as above, the Commissioner's *post hoc* rationalizations for the ALJ's failure to consider this

17

report are not an acceptable substitute for the ALJ's failure to evaluate the evidence. *See Schroeder*, 2013 WL 1316748, at *13. Without deciding whether this error may be harmless, as this matter is being remanded for the reasons set forth above, the ALJ is further directed to expressly consider Mr. Stewart's third-party function report upon remand.

Plaintiff also argues that the ALJ failed to give "good reasons" for discounting her treating physician's opinion. (DE 9 at 17-21.) The Commissioner responds that the ALJ properly considered the opinion evidence. (DE 12 at 14-15.) Plaintiff's treating provider, Dr. Kirk P. Swabash, D.O., completed a Mental Impairment Questionnaire on June 14, 2015, in which he opined that Plaintiff had "complete inability to function independently outside the area of [her] home" due to her mental illness, and that he first had contact with Plaintiff on April 9, 2015, with follow up appointments every month. (R. at 395-408.) The ALJ addressed this opinion evidence, stating:

> As for the opinion evidence, I afford little weight to the opinion at Exhibit 3F by Dr. Swabash, as he did not begin seeing the claimant until April 2015, over a year after the claimant's date last insured.

(R. at 19.) The treating physician rule requires the ALJ to "provide 'good reasons' for discounting the weight given to a treating source opinion that must be 'supported by the evidence in the case record and must be sufficiently specific to make clear to any subsequent reviewers the weight that the adjudicator gave to the

18

treating source's medical opinion and the reasons for that weight.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). The ALJ's cursory, one sentence rebuke of Dr. Swabash's opinion may not meet the "good reasons" test. I am mindful that "[e]vidence of disability obtained after the expiration of insured status is generally of little probative value," *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004), and is relevant to the disability decision *only if* the evidence "relate[s] back to the claimant's condition prior to the expiration of her date last insured." *Wirth v. Comm'r of Soc. Sec.*, 87 F. App'x 478, 480 (6th Cir. 2003). However, here the ALJ provided no analysis of Dr. Swabash's opinion and treatment notes in accordance with the regulations, which addressed Plaintiff's severe impairments of PTSD and depression, and made no finding regarding whether that opinion does or does not relate back to Plaintiff's condition prior to the expiration of her insured status. Dr. Swabash, a VA physician, noted in his first examination of Plaintiff that she "was seen for an extended period of time in order to evaluate [her], review [VA] records and develop a treatment plan" (R. at 402), so it is not clear that his opinion would not be retroactive in some respect. Without deciding whether this error is harmless, as this matter is being remanded for the reasons set forth above, the ALJ is further directed to reconsider Dr. Swabash's opinion and treatment notes in accordance with the regulations and to

clarify the ambiguities identified above.  The ALJ should also re-evaluate Plaintiff's credibility and RFC as necessary upon remand.

Finally, even if the additional errors identified here could be found to be individually harmless, the cumulative effect of these errors, in conjunction with the ALJ's failure to properly consider and evaluate the VA determination, raises issues of substantial prejudice to Plaintiff and necessitates a remand for that reason as well.  *See Beck v. Haik*, 377 F.3d 624, 644-45 (6th Cir. 2004) (extending the cumulative error doctrine, in which the court considers the "combined effect" of multiple trial errors to determine whether they are unfairly prejudicial, to civil cases), *overruled on other grounds by Adkins v. Wolever*, 554 F.3d 650 (6th Cir. 2009) (en banc); *see also Taylor v. Harris*, 505 F.Supp. 153, 155 & n.4 (E.D. Tex. 1981) ("The doctrine of cumulative error is a necessary corollary of the harmless error rule found in Rule 61 of the Federal Rules of Civil Procedure.  That is, while the various errors found by the reviewing court, considered singly, may be harmless, their total effect is such as to prejudice the substantial rights of one or the other of the parties.").

### 3.    Remand under Sentence Four

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment

remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.,* 17 F.3d 171, 174 (6th Cir.1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing." 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue,* 10–207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher,* 17 F.3d at 174); *see also White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 790 (6th Cir. 2009) ("If a court determines that substantial evidence does not support the [Commissioner's] decision, the court can reverse the decision and immediately award benefits only if all factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." (internal quotations omitted)).

### E. Conclusion

In the case at bar, the ALJ's failure to properly "consider" the VA disability determination does not meet the procedural requirements of SSR 06-03p. Accordingly, I recommend that the Court remand this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g). Upon remand,

the ALJ should consider the VA disability determination and any records supporting it and "'explain the consideration given to [the VA's] decision[] in the notice of [the SSA] decision[,]'" 549 F. App'x at 388 (quoting SSR 06-03p), and explain any weight given to it. The ALJ should further consider Christopher Stewart's third-party function report, reconsider Dr. Swabash's opinion and treatment notes in accordance with the regulations, and re-evaluate Plaintiff's credibility and RFC as necessary.

Accordingly, the Undersigned **RECOMMENDS** that the Court **GRANT** Plaintiff's motion for summary judgment (DE 9), **DENY** Defendant's motion for summary judgment (DE 12), and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

22

party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: August 21, 2018                       s/*Anthony P. Patti*
                                             Anthony P. Patti
                                             UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on August 21, 2018, electronically and/or by U.S. Mail.

                                             s/Michael Williams
                                             Case Manager for the
                                             Honorable Anthony P. Patti

23